UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK BRIGOLIN,
et al.,

       Plaintiffs,          CIVIL ACTION NO. 07-CV-15355-DT

   vs.

                              DISTRICT JUDGE DENISE PAGE HOOD

BLUE CROSS BLUE          MAGISTRATE JUDGE MONA K. MAJZOUB
SHIELD OF MICHIGAN,

       Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION TO DETERMINE THE ADEQUACY OF PLAINTIFFS' AFFIDAVITS

This matter comes before the Court on Defendant's Motion to Determine Adequacy of Plaintiffs' Affidavits and Defendant's Obligation to Produce Advertising Materials filed on March 13, 2009. (Docket no. 23). This motion was referred for a hearing and determination. (Docket no. 26). Plaintiffs have filed a Response brief. (Docket no. 24). Defendant filed a Reply brief. (Docket no. 27). The Court held a hearing on Defendant's motion on April 2, 2009 and heard from Counsel Macuga for Plaintiffs and from Counsel Nouhan for Defendant. Defendant's motion is now ready for ruling.

This action centers on a health insurance coverage dispute. (Docket no. 9). The parties engaged in formal and informal discovery and reportedly sought a status conference with Judge Hood on Plaintiffs' request for production of Defendant's advertising materials for the years 2003 through 2009. Judge Hood held a telephone conference with counsel and entered an order on February 5, 2009. (Docket no. 22). The phone conference was not on the record according to counsel.

The February 5, 2009 Order Requiring Disclosure orders: (1) Plaintiffs to deliver to Defendant affidavits "which describe the impact of Blue Cross Blue Shield advertising upon Plaintiffs' understanding of Blue Cross Blue Shield responsibility or coverage to Blue Cross Blue Shield insured's"; (2) Defendant to "compile all advertising materials for the year 2005 disseminated by Blue Cross Blue Shield to the general public as described in Plaintiff's Request for Production of Documents" and "deliver said advertising materials to the Plaintiffs upon receipt of the affidavits described above,"; and (3) that a decision regarding advertising for other years requested by Plaintiffs will be deferred "until the Court determines whether their production is overly burdensome based upon the effort and manageability of Defendant's compilation of the documents requested after the 2005 advertising materials are compiled by Defendant." (*Id*.). The parties agreed at the hearing that Plaintiffs' counsel drafted the proposed order and submitted it to Defendant's counsel for suggested changes before the order was submitted to Judge Hood.

Plaintiffs have now submitted seven affidavits to Defendant. However, Defendant argues that the affidavits are inadequate on several bases, primarily due to their vagueness and lack of specificity, to justify Defendant's production of the year 2005 advertising materials. (Docket nos. 23, 27). Plaintiff's counsel argues that the February 5, 2009 Order does not require the specifics requested by Defendant. (Docket no. 24). Furthermore, at the April 2, 2009 hearing it was Plaintiffs' counsel's position that Judge Hood did not intend to condition Defendant's production of the advertising materials on adequate affidavits. During the hearing Defendant's counsel conceded that the order which counsel prepared is "loose" on what Plaintiffs' affidavits must contain to justify Defendant's production.

-2-

The resolution of Defendant's motion must be made based in large part on the language of the February 5, 2009 Order. The Order does not require or anticipate a review of the Plaintiffs' affidavits to determine adequacy before Defendant is to produce the advertising material. The Order states that Defendant "shall compile" the advertising materials for the year 2005 and "shall deliver said advertising materials to the Plaintiffs upon receipt of the affidavits described above." (Docket no. 22). The production of the advertising materials was to be automatic and immediate upon the production of the affidavits. Perhaps the adequacy of the affidavits will be relevant to the issue of whether the advertising materials for the other requested years is ordered to be produced, however that question is not presently before the Court.

The April 2, 2009 hearing did not result in any new information which changes the above conclusion that the Order does not anticipate a review of Plaintiffs' affidavits for adequacy prior to production of the 2005 advertising materials. Defendant's counsel could not identify any such language in the Order. Plaintiffs' counsel stated that such a review was not discussed during the phone conference with Judge Hood. In sum, Defendant's motion will be denied because no adequacy determination is permitted under the terms of the February 5, 2009 Order. Plaintiffs have produced affidavits describing the impact of Defendant's advertising upon their understanding of their coverage. Under the terms of the Order, Defendant must now produce the year 2005 advertising.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Determine Adequacy (docket no. 23) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant produce to Plaintiffs' counsel the year 2005 advertising materials referred to in the February 5, 2009 Order on or before April 17, 2009.

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: April 03, 2009                         s/ Mona K. Majzoub
                                                     MONA K. MAJZOUB
                                                    UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: April 03, 2009                         s/ Lisa C. Bartlett
                                                     Courtroom Deputy